UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　Plaintiff,<br><br>　v.<br><br>MARTIN ALFREDO LEIVA-LEIVA, et al.,<br><br>　Defendants. | Case No. 1:22-cr-00232-BLW-BAM<br><br>**PROPOSED CASE MANAGEMENT ORDER** |

I have recently been assigned this case and want to move as quickly as possible to establish a schedule which will result in a trial date which provides counsel with the necessary time to prepare for trial, but also respects the Defendants' and the public's right to a speedy trial. My proposed schedule is set forth below and anticipates commencing jury selection by the end of April 2026. This date seems appropriate for a case which has been pending for 3 years.

I am aware that the Government has indicated its intent to review the no-seek decisions in this and other pending capital prosecutions. Time to accommodate that review is incorporated into my proposed schedule.

In a separate order, the Court found excludable time until July 23, 2025, but sets a status conference on **March 31, 2025 at 1:00 p.m.** This will be the first of regular status conferences which I intend to schedule every 4-6 weeks. I have

found that such regular status conferences are helpful to resolve disputes and keep a case on course and on schedule for trial. Some of those status conferences will be informal and may be conducted by Zoom, but others will be in-person. The Court intends to hear oral arguments on any contested motions in conjunction with those status conferences.

All status conferences will be on the record. However, defendants will not need to attend status conferences dedicated exclusively to scheduling or other procedural matters. *See Campbell v. Rice*, 408 F.3d 1166 (9th Cir. 2005) ("A defendant has a right to be present at any critical stage of his criminal proceedings if his presence would contribute to the fairness of the procedure.").

During the first such status conference on March 31, our first order of business will be to review my proposed schedule, and to also set dates for the regular status conferences that I will hold through the date of trial. I have been made aware that counsel for several defendants has indicated that the March 31 status conference may pose a scheduling conflict for one or more of the attorneys. I am disinclined to move the status conference because it is being set 4 weeks in advance, and every defendant is represented by two attorneys. On the other hand, I will consider moving it if **both** attorneys for any defendant have an unavoidable conflict. However, if it is moved, I will reschedule the status conference for the earliest available date on the Court's calendar.

Counsel are directed to meet and confer regarding this proposal and to submit a joint response by **March 21, 2025**. To the extent that the parties disagree on deadlines, I will resolve disputes and issue a final Case Management Order following the status conference scheduled for **March 31, 2025 at 1:00 p.m.** If the parties believe that the proposed trial date is unrealistic, they must be prepared at the status conference to explain why this 3-year-old case cannot be ready for trial in 14 months.

The schedule divides pre-trial motions into several phases. Counsel are welcome to suggest modifications both to specific dates and to the phase divisions. I have not allotted time for discovery motions on the assumption that discovery efforts are well underway and will be handled routinely. Although the Court found excludable time through July 23, 2025, I expect that discovery efforts will continue during this period.

Once a final scheduling order is entered, I expect that the parties will do their utmost to abide by the deadlines to ensure a timely trial. Further extensions and continuances will be granted only under extenuating circumstances.

1. **Notice of Intent to Seek the Death Penalty**: June 5, 2025
2. **Motions to Dismiss; Challenges to the Death Penalty**
   a. Motions due on or before July 11, 2025
   b. Responses due within 28 days, latest August 8, 2025

    c. Replies due within 14 days, latest August 22, 2025

3. **Motions to Suppress Evidence; Motions for Severance; Motions regarding Jury Venire or Jury Selection Process**

    a. Motions due on or before August 8, 2025

    b. Responses due within 28 days, latest September 5, 2025

    c. Replies due within 14 days, latest September 19, 2025

4. **Government's Motion to Renew/Amend Notice of Intent to Seek Death Penalty; all other Motions not otherwise specified below.**

    a. Motions due on or before October 10, 2025

    b. Responses due within 28 days, latest November 7, 2025

    c. Replies due within 14 days, latest November 21, 2025

5. **Joint Proposed Jury Questionnaire**: December 5, 2025. To the extent counsel cannot agree on specific questions, they shall state their objections thereon. I will then schedule hearings as necessary to finalize the Jury Questionnaire and the procedure for its use.

6. **Expert Disclosures**: January 9, 2026

7. **Motions Regarding Inadequate Expert Notice and to Preclude or Limit Expert Testimony; Motion regarding Requested Voir Dire Questions; Motions in Limine**

    a. Motions due on or before January 30, 2026

 b. Responses due within 28 days, latest February 27, 2026

 c. Replies due within 14 days, latest March 13, 2026

8. **Government Disclosure of Witness List and Exhibits; Defense Applications for Writs of Habeas Corpus Ad Testificandum; Trial Subpoenas Requiring United States Marshal Service Transport**: March 20, 2026

9. **Pretrial Conference; hearing on all pending pretrial Motions**: April 2, 2026

10. **Jury Selection and Trial commence**: April 27, 2026

DATED: March 3, 2025

_____
B. Lynn Winmill
U.S. District Court Judge